| | | | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICHARD UGBAH<br>CASE NUMBER: 0758 3:15CR00038-005<br>0758 3:17CR00105-001 | | Judgment - Page 1 |

# United States District Court
## Western District of Wisconsin

| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| | (for offenses committed on or after November 1, 1987) |
| V. | **Case Number:** 0758 3:15CR00038-005 & |
| | 0758 3:17CR000105-001 |
| Richard Ugbah | **Defendant's Attorney:** Daniel Sanders |

The defendant, Richard Ugbah, pleaded guilty to Count 4 of the superseding indictment (15CR00038-005); and pleaded guilty to Count 1 of the Information (17CR00105-001)

Counts 1 through 3 and 5 through 7 of the superseding indictment (15CR00038-005) are dismissed on the motion of the United States.

The defendant has been advised of his right to appeal.

**ACCORDINGLY**, the court has adjudicated defendant guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1343 | Wire Fraud, Class C felony | January 16, 2014 | 4 |
| 18 U.S.C. § 1349 | Conspiracy to Commit Wire Fraud, Class C felony | February 16, 2016 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment.   The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

| | | |
|---|---|---|
| **Defendant's Date of Birth:** | 1980 | November 20, 2017 |
| **Defendant's USM No.:** | 69835-019 | Date of Imposition of Judgment |
| **Defendant's Residence Address:** | c/o Dane County Jail<br>115 West Doty Street<br>Madison, WI   53703 | /s/ James D. Peterson |
| **Defendant's Mailing Address:** | Same as above | James D. Peterson<br>District Judge<br>November 22, 2017<br>Date Signed: |

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICHARD UGBAH<br>CASE NUMBER: 0758 3:15CR00038-005<br>0758 3:17CR00105-001 | Judgment - Page 2 |

# IMPRISONMENT

As to Count 4 of the second superseding indictment in case number 15-CR-38-05, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 144 months. As to Count 1 of the information in case number 17-CR-105-01, it is adjudged that the defendant is committed to the custody of the Bureau of Prisons for a term of 144 months. These sentences are to run concurrently for a total confinement of 144 months. Placement at a BOP facility as close to Atlanta, Georgia, consistent with the defendant's security and programming needs is recommended.

I recommend that the defendant receive substance abuse counseling and that the defendant be afforded prerelease placement in a residential reentry center with work release privileges if he is not deported.

The probation officer is directed to send the U.S. Immigration and Customs Enforcement a copy of this judgment and is to provide the Court with a copy of the transmittal letter.

The U.S. Probation Office is to notify local law enforcement agencies, and the state attorney general, of defendant's release to the community.

# RETURN

**I have executed this judgment as follows:**

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245 B (Rev. 3/01)(N.H. Rev.)    DEFENDANT: RICHARD UGBAH
CASE NUMBER: 0758 3:15CR00038-005
0758 3:17CR00105-001    Judgment - Page 3

# SUPERVISED RELEASE

A term of supervised release is not required by statute. However, the nature of this scheme is extensive and supervision may provide additional deterrence and monitoring of the defendant if he is not deported. The term of imprisonment is to be followed by a three-year term of supervised release in each docket number. These terms are to run concurrently pursuant to 18 U.S.C. § 3624(e).

The defendant will likely be deported upon the completion of his prison term. If the defendant is deported, any term of supervised release will be inactive. The defendant will be subject to both prosecution and revocation of his term of supervised release if he returns to the United States illegally. He will be expected to comply with the regulations of ICE and the Attorney General regarding residency and employment. If he is allowed to legally reside in the United States, supervision would be to monitor his reintegration into the community, monitor his finances, and ensure the payment of restitution. Therefore, I impose conditions 1 through 4, 7 through 9, and 11 through 17, with additional reasoning as outlined in the Appendix to the presentence report. Neither party has raised any objections to the proposals. If, when the defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Although the instant offense is not drug related, the defendant has a history of drug use. The mandatory drug testing as set forth at 18 U.S.C. § 3583(d) is not waived. The defendant shall submit to one drug test within 15 days of his placement on probation and at least 36 periodic tests thereafter, if he is not deported.

If, when the defendant is released from confinement to begin his term of supervised release, either the defendant or the supervising probation officer believes that any of the conditions imposed today are no longer appropriate, either one may petition the Court for review.

Defendant is to abide by the statutory mandatory conditions.

## Statutory Mandatory Conditions

Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

Defendant shall not commit another federal, state, or local crime.

Defendant shall not illegally possess a controlled substance.

If defendant has been convicted of a felony, defendant shall not possess a firearm, destructive device, or other dangerous weapon while on supervised release.

Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment.

Defendant shall comply with the standard and special conditions that have been adopted by this court.

## Standard Conditions of Supervision

| | | | |
|---|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICHARD UGBAH<br>CASE NUMBER: 0758 3:15CR00038-005<br>0758 3:17CR00105-001 | | Judgment - Page 4 |

1) Defendant shall not leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer;

2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent;

3) Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court;

4) Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification;

5) Not imposed;

6) Not imposed;

7) Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity;

8) Defendant shall permit a probation officer to visit defendant at home, work, or elsewhere at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer;

9) Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

10) Not imposed;

11) As directed by the probation officer, defendant shall notify third parties of risks that may be occasioned by defendant's criminal record or personal history or characteristics. The probation officer may also take steps to confirm defendant's compliance with this notification requirement or provide such notifications directly to third parties.

**Special Conditions of Release**

12) Provide the supervising U.S. probation officer any and all requested financial information, including copies of state and federal tax returns

13) Refrain from incurring new credit charges, opening additional lines of credit or opening other financial accounts without the prior approval of the supervising U.S. probation officer

14) Not transfer, give away, sell or otherwise convey any asset worth more than $200 without the prior approval of the supervising U.S. probation officer;

15) Comply with the rules and regulations of the U.S. Immigration and Customs Enforcement under the United States Department of Homeland Security and if deported or excluded from the United States, either voluntarily or involuntarily, not reenter the United States without legal permission. If reentry into the United States occurs, defendant shall report to the nearest probation office within 72 hours.

16) Have no contact with the victim in person, through written or electronic communication, or through a third party, unless authorized by the supervising U.S. probation officer.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICHARD UGBAH<br>CASE NUMBER: 0758 3:15CR00038-005<br>0758 3:17CR00105-001 | Judgment - Page 5 |

17) Submit person, property, residence, papers, vehicle, computers [as defined in 18 U.S.C. § 1030(e)(1), or other electronic communications, data storage device, or media], or office to a search conducted by a U.S. probation officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities; failure to submit to a search may be a ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition;

ACKNOWLEDGMENT OF CONDITIONS

I have read or have had read to me the conditions of supervision set forth in this judgment, and I fully understand them. I have been provided a copy of them. I understand that upon finding a violation of probation or supervised release, the Court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

_____  _____
Defendant                  Date

_____  _____
U.S. Probation Officer     Date

AO 245 B (Rev. 3/01)(N.H. Rev.)     DEFENDANT: RICHARD UGBAH
CASE NUMBER: 0758 3:15CR00038-005
0758 3:17CR00105-001     Judgment - Page 6

# CRIMINAL MONETARY PENALTIES

Defendant shall pay the following total financial penalties in accordance with the schedule of payments set forth below.

| Count | Assessment | Fine | Restitution |
|---|---|---|---|
| 4 | $100.00 | $0.00 | TBD |
| 1 | $100.00 | | TBD |
| **Total** | $200.00 | $0.00 | TBD |

It is adjudged that the defendant is to pay a $200.00 criminal assessment penalty to the Clerk of Court for the Western District of Wisconsin immediately following sentencing.

The defendant does not have the means to pay a fine under § 5E1.2(c) without impairing his ability to support himself upon release from custody and pay restitution.

# RESTITUTION

The parties will attempt to agree on amount of restitution in both cases. Defendant waives his right to be present at a restitution hearing. The parties will notify the court within 30 days if a restitution hearing is necessary. Any amount of restitution is due immediately to the U.S. Clerk of Court for the Western District of Wisconsin. The obligation is due joint and several with the codefendants named in docket number 15-cr-38-jdp. In addition, defendant is also ordered to pay restitution in an amount to be determined by the parties and will be due immediately to the U.S. Clerk of Court for the Western District of Wisconsin for docket number 17-CR-105-01.

| | | |
|---|---|---|
| AO 245 B (Rev. 3/01)(N.H. Rev.) | DEFENDANT: RICHARD UGBAH<br>CASE NUMBER: 0758 3:15CR00038-005<br>0758 3:17CR00105-001 | Judgment - Page 7 |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order:
        (1) assessment;
        (2) restitution;
        (3) fine principal;
        (4) cost of prosecution;
        (5) interest;
        (6) penalties.

The total fine and other monetary penalties shall be due in full immediately unless otherwise stated elsewhere.

Unless the court has expressly ordered otherwise in the special instructions above, if the judgment imposes a period of imprisonment, payment of monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court, the probation officer, or the United States Attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

In the event of a civil settlement between victim and defendant, defendant must provide evidence of such payments or settlement to the Court, U.S. Probation office, and U.S. Attorney's office so that defendant's account can be credited.